# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LINDA SAMMON and**
**PATRICK SAMMON,**

      **Plaintiffs,**

**v.**                               **Case No.  8:11-cv-1258-T-30EAJ**

**TARGET CORPORATION and**
**JOHN DOE,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Target Corporation's Motion for Summary Judgment (Dkt. 34), Plaintiffs' Response in opposition (Dkt. 44), and Defendant's Reply (Dkt. 51).  The Court, having considered the motion, response, reply, record evidence, and being otherwise advised of the premises, concludes that the motion should be granted and summary judgment entered in favor of Defendant Target.

## BACKGROUND

This case arises from a slip and fall incident that occurred at a Target store owned by Defendant Target Corporation (the "Store").  Specifically, on June 30, 2007, Plaintiff Linda Sammon shopped at the Store with her son Daniel Stevens, her daughter-in-law, and her grandson.  While they were checking out their items, Sammon realized that she forgot to purchase "some protein drinks", which were located in the pharmacy area, and walked through an empty checkout area, where no cashiers were working, to retrieve them.  As she

walked through the empty checkout area, she hit, what appeared to be water that she did not notice or see, and fell.  Sammon's clothes, hands, legs, and the bottom of her pants were wet after she landed on the floor.  She observed a liquid that was clear in color, did not have an odor, and appeared to be water (the "Substance").  Sammon did not know how the Substance got on the floor.  Sammon had "no idea" how long the Substance had been on the floor.  The Substance did not look "muddy or dirty".  She did not observe any track marks from others walking through the Substance or from shopping carts.  The aisle was "empty" and there were no cashiers there.  After she fell, a security guard and store manager responded to her, as well as some other people and her family.

According to Stevens, he and his family had checked out and were waiting "probably down 15 feet" from the checkout area at the time of Sammon's fall.  He heard a commotion and then a lady told him that she thought his mother had fallen.  He then ran over to Sammon.  Stevens saw Sammon on the ground in the checkout aisle right in front of the checkout stand.  He saw a "very slick spot" that Sammon was "basically laying over."  He touched the Substance and described it as clear water.  The Substance did not appear "dirty-looking" and had no dirt in it.  Stevens did not know how the Substance got on the floor.  He stated that there were "not water puddles all over the floor" and it had not been raining.  In his opinion, Target "keep[s] clean stores".

The record does not contain any evidence to establish how the Substance came to be on the floor, how long it was on the floor, whether any Target employee was aware of the

Substance before Sammon's fall, or whether any Target employee or patron caused the Substance to be on the floor.  Sammon did not see the Substance prior to her fall.

The record reflects that, as a general rule, Target's employees are trained to continually "look out and inspect the premises to identify and correct possible unsafe conditions in effort to keep the store reasonably safe for guests and team members."

Sammon and her husband filed the instant action against Target and John Doe and alleged negligence (Count I), premises liability (Count II), negligent maintenance against Target and John Doe (Counts III and IV), negligent failure to warn against Target and John Doe (Counts V and VI), negligent mode of operation against Target and John Doe (Counts VII and VIII), negligent hiring, retention, and supervision (Count IX), and loss of consortium (Count X).[1]

This case is at issue upon Target's motion for summary judgment.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be

---

[1] Plaintiffs did not serve process on Defendant John Doe, nor did they conduct any discovery relative to John Doe.

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Target argues that it is entitled to summary judgment on Sammon's negligence claims because the record is undisputed that Target did not breach its duty to Sammon.  The Court agrees.

In a negligence action under Florida law, a plaintiff must establish (1) a legal duty that the defendant owed the plaintiff, (2) the defendant's breach of that duty, (3) an injury to the plaintiff that was caused by the breach, and (4) damages as a result of the injury. *Zivojinovich v. Barner,* 525 F.3d 1059, 1067 (11th Cir. 2008); *see also Paterson v. Deeb,* 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985).  "[A] landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care."  *Emmons v. Baptist Hosp.,* 478 So. 2d 440, 442 (Fla. 1st DCA 1985); *see also Delgado v. Laudromax, Inc.,* 65 So. 3d 1087 (Fla. 3d DCA 2011).  Both duties are encompassed in Fla. Stat. § 768.0710.[2]  Though section 768.0710 does not require proof of actual or constructive notice as an element of the claim, the statute does provide that "evidence of notice or lack of notice offered by any party may be considered together with all of the evidence."  Fla. Stat. § 768.0710(2)(b).

---

[2] The statute has since been repealed and replaced by section 768.0755 (2010), however, it applies here because it was in effect at the time of the accrual of Plaintiffs' claims.

Importantly, negligence "may not be inferred from the mere happening of an accident alone." *Belden v. Lynch,* 126 So. 2d 578, 581 (Fla. 2d DCA 1961); *see also East Bay Raceway v. Parham,* 497 So. 2d 719, 720 (Fla. 2d DCA 1986). "The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable." *See Gordon v. Target Corp.*, 2008 WL 2557509, at *4 (S.D. Fla. June 23, 2008).

Here, there is nothing in the record to suggest that Target had actual or constructive notice of the Substance. Indeed, the evidence suggests a lack of notice. Sammon and Stevens stated that the Substance appeared to be *clean* water. Sammon did not observe any track marks in the Substance, which is evidence suggesting that the Substance had not previously been walked through or tracked through with a shopping cart. The checkout aisle was *empty* and there is no evidence that a Target employee was even close to the area. There is also no evidence suggesting how long the Substance was on the floor, or how the Substance got on the floor. According to Stevens, the Substance was not dirty, there were "not water puddles all over the floor", it had not been raining, and, in his opinion, Target "keep[s] clean stores".

The record reflects that Target's employees are trained to continually inspect the premises to identify and correct possible unsafe conditions in an effort to keep the store reasonably safe for patrons and other employees. There is no evidence suggesting that any Target employee failed to comply with Target's policies and procedures regarding detection and clean-up of unsafe conditions. There is also no evidence in the record to indicate that

the condition described in Plaintiffs' complaint occurred with such frequency that Target should have known of the condition.

As Target points out, this case is very similar to *Delgado*. In *Delgado*, the plaintiff did not know where the water came from, did not see water "anywhere else other than where she slipped", and did not know "how long the water was on the floor before she slipped", or of anyone at the defendant "who knew the water was on the floor before she walked in". 65 So. 3d at 1090. Further, there was no evidence in the record that it was raining or that it had recently rained. *Id.* The court affirmed summary judgment in favor of the defendant on the issue of breach of duty because "there [was] no evidence in the record regarding how long the water was on the floor or to suggest that [the defendant] caused or had notice of the spill." *Id.* at 1089.

In sum, the record is utterly bereft of any evidence establishing Target's *breach* of its duty (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give Sammon warning of concealed perils which are or should be known to it.

Importantly, Sammon's response in opposition does not point to *any* evidence in the record to establish a material disputed fact on the issue of Target's negligence. Rather, Sammon's response wholly focuses on the argument that Plaintiffs are entitled to an adverse inference in this case because Target committed spoliation with respect to the video footage of the incident. United States Magistrate Judge Elizabeth A. Jenkins considered this argument and concluded that Target did not commit spoliation. (Dkt. 55). Accordingly, Magistrate Judge Jenkins denied Plaintiffs' motion to compel discovery or sanctions for

spoliation. *Id.* The Court agrees with this well-reasoned opinion and fully adopts it for the purposes of this Order. Simply put, Plaintiffs are not entitled to an adverse inference.

Target also established that the record does not contain any evidence that it engaged in a negligent mode of operation or that it negligently hired, retained, or supervised any employee. As stated above, there is nothing in the record with respect to the John Doe employee.

Finally, in light of Plaintiffs' failure to establish a genuine issue of material fact with respect to Sammon's claims, Target is also entitled to summary judgment on Sammon's husband's loss of consortium claim. *See Bello v. Johnson,* 442 Fed. Appx. 477, 480 (11th Cir. 2011).

It is therefore ORDERED AND ADJUDGED that:

1.    Target Corporation's Motion for Summary Judgment (Dkt. 34) is **GRANTED**.

2.    The Clerk of Court is directed to enter **final judgment** in favor of Defendant Target Corporation and against Plaintiffs Linda Sammon and Patrick Sammon.

3.    The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 11, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1258.msj34FINAL.wpd